UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    17mc213 (DLC)
IN RE APPLICATION OF RSM PRODUCTION      :
CORPORATION AND JACK J. GRYNBERG FOR     :    OPINION AND ORDER
AN ORDER TO TAKE DISCOVERY PURSUANT TO   :
28 U.S.C. § 1782                         :
                                         :
---------------------------------------- X

For the applicants:
Raymond Marelic
Jae Y. Kim
Law Offices of Jae Y. Kim, LLC
One University Plaza
Hackensack, New Jersey 07601

For the respondent:
Joseph Serino, Jr.
Latham & Watkins LLP
885 Third Avenue
New York, New York 10005

Floyd Abrams
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005

DENISE COTE, District Judge:

RSM Production Corporation ("RSM") and Jack J. Grynberg ("Grynberg") have applied to this New York federal court to take discovery pursuant to 28 U.S.C. § 1782 from Yitzhak Tshuva ("Tshuva"), an Israeli citizen and resident, for use in litigation in Israel.  Tshuva has opposed the application.  Because Tshuva was not "found" in this district, the application is denied.  It would in any event be denied as a matter of this Court's discretion.

1

## BACKGROUND

The following facts are drawn from the affidavits submitted in support of the applicants' motion. Grynberg contends that RSM is a Colorado corporation that engages in exploring and drilling for hydrocarbons worldwide. Grynberg alleges that he and RSM obtained proprietary seismological information concerning the geology of the ocean floor in the Eastern Mediterranean Sea, in Israel's Exclusive Economic Zone ("EEZ"). In early 2000, RSM submitted an application with the Israeli Ministry of Energy and Infrastructure seeking permission to search for hydrocarbons in the EEZ. According to Grynberg, however, RSM's application was unfairly stalled. In 2004, RSM submitted another application, which was denied. RSM then challenged the denial in the Israeli Supreme Court. Ultimately, RSM was offered a license on what it contends were commercially unreasonable terms.

Grynberg claims to have learned recently that around the same time that RSM was offered a license, the Energy Ministry issued permits and licenses to companies controlled by Tshuva on more favorable terms. Grynberg believes that companies owned, controlled, or in association with Tshuva, among other companies, bribed the Israeli Energy Ministry, the Controller of Petroleum Affairs, and the Petroleum Advisory Council to keep RSM and Grynberg out of the EEZ. Based on the allegations of bribery and corruption, RSM and Grynberg commenced a litigation in Israel

2

against the three Israeli governmental entities (the "Israeli Proceeding").

Respondent Tshuva is an Israeli business person, domiciled in Israel, and not a party to the Israeli Proceeding. Tshuva apparently controls or has an interest in various companies that engaged in some of the transactions underlying the Israeli Proceeding. His only current connection to New York appears to be his interest and role in the real estate company El Ad Group, Ltd. ("El Ad"), which is located and controls various properties in New York City. It is apparently undisputed that Tshuva travels to New York somewhat frequently for business reasons in connection with El Ad.

On June 22, 2017, applicants commenced this proceeding seeking discovery from Tshuva in connection with the Israeli Proceeding. After an initial conference and briefing on applicants' motion, the motion to take discovery was fully submitted on November 10, 2017.

## **DISCUSSION**

Grynberg seeks discovery from Tshuva in aid of the Israeli Proceeding. Tshuva objects to the discovery on the ground that there is no personal jurisdiction over him in New York, that he was not "found" in this district for purposes of § 1782, and that the court's discretion should not be exercised to require Tshuva to provide the discovery sought in this application. Because

3

Tshuva has not been "found in" the Southern District of New York under § 1782, the application must be denied on statutory grounds. Even if Tshuva were eventually to be found in the Southern District, such an application would be unlikely to succeed as a discretionary matter.

   I.   **Section 1782 Statutory Requirements and Discretionary Factors**

28 U.S.C. § 1782 provides, in pertinent part: "The district court of the district in which a person resides or is found may order him to . . . produce a document . . . for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person."  The Second Circuit has

> summarized the statute as setting forth three requirements: that '(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery be for use in a proceeding before a foreign tribunal, and (3) the application be made by a foreign or international tribunal or any interested person.'

Certain Funds, Accounts, and And/Or Inv. Vehicles v. KPMG LLP, 798 F.3d 113, 117 (2d Cir. 2015) (quoting Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012)).

> Once the statutory requirements are met, the district court may order discovery under § 1782 in its discretion, taking into consideration the "twin aims" of the statute, namely, "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."

Id. (quoting In re Metallgesellschaft, 121 F.3d 77, 79 (2d Cir. 1997)). The Supreme Court outlined in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), a number of factors that a district court should consider in deciding how to exercise this discretion. The discretionary factors are:

> First, when the person from whom discovery is sought is a participant in the foreign proceeding the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.
>
> Second, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance.
>
> Third, a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.
>
> Finally, unduly intrusive or burdensome requests may be rejected or trimmed.

Brandi-Dohrn v. IKB Deutsche Industriebank AG, 674 F.3d at 80-81.

**II. Tshuva has not been "found" in the Southern District of New York.**

The Second Circuit's leading case on the "is found" prong of 28 U.S.C. § 1782 is In re Edelman, 295 F.3d 171 (2d Cir. 2002).[1]

---

[1] It is undisputed that Grynberg and RSM satisfy the second and third statutory factors, namely that the material is for use in the Israeli proceeding, and that Grynberg and RSM are interested

Edelman involved the question of whether an individual who lived and worked abroad could be subject to a deposition in the United States pursuant to § 1782. Id. at 173. After the individual was served in a judicial district of the United States, he sought to quash the subpoena because he was not "found" in that district. Id. at 174. On appeal, the Second Circuit held that "the question of what it means to be found in a particular locale is already the subject of well-settled case law on territorial jurisdiction." Id. at 179. After engaging in extensive analysis of the text and history of the statute, the court held that "the phrase 'or is found' in § 1782 [has] the same breadth as that accorded it in Burnham v. Superior Court of California, 495 U.S. 604 (1990)." In re Edelman, 295 F.3d at 179. To be "found" in a place under Burnham, and thus under § 1782, requires a person to be physically present in the jurisdiction while served with process. See Burnham, 495 U.S. at 619 (plurality opinion).

There is no allegation that Tshuva was served with process in this proceeding while physically present in the Southern District of New York. RSM and Grynberg apparently left the service papers with an individual at El Ad, but this did not constitute the personal service contemplated by Burnham and § 1782. Nor does any party contend that Tshuva "resides" in the Southern District of

---

parties to that proceeding.

6

New York. Accordingly, the application to take discovery does not meet the first statutory requirement, and must be denied on that basis.

RSM and Grynberg contend that because Tshuva has an interest in El Ad, he is "found" in the Southern District of New York under the authority of In re Republic of Kazakhstan, 110 F. Supp. 3d 512 (S.D.N.Y. 2015). That case, however, involved a § 1782 application directed to an entity -- a Limited Liability Partnership -- as to which the statutory requirement of being "found" in a place requires application of different principles developed regarding corporate presence. The application here, by contrast, is directed to Tshuva individually, not El Ad. An individual's ownership interest in a corporation does not make that individual a resident of the place where that corporation is located, much less render that person physically present there. As Edelman holds, an individual is found in a place when they are served when physically present in that place, and that has not happened here.

**III. The Application Would Be Denied As a Matter of Discretion.**

Even if Tshuva were eventually to be "found" in the Southern District of New York, such that the statutory requirements were met, the application would likely be denied as a matter of discretion. The fourth Intel factor permits the denial of a § 1782 application that is vexatious and made in bad faith. See

generally In re WinNet R CJSC, 2017 WL 1373918, at *9 (S.D.N.Y. Apr. 13, 2017), recon. denied, 2017 WL 2728436 (S.D.N.Y. June 23, 2017), appeal withdrawn sub nom. WinNet R CJSC v. Siguler Guff & Co., LP, No. 17-2247 (2d Cir. Oct. 24, 2017). That factor applies to this application.

Grynberg and his related entities are serial litigants in this Court and courts across the country, and have been repeatedly sanctioned for bad faith litigation. See In re Nat. Gas. Royalties Qui Tam Litig., 2011 WL 12854134, at *13 (D. Wyo. July 22, 2011); Grynberg v. Total Compagnie Francaise Des Petroles, 891 F. Supp. 2d 663, 686 n.14 (D. Del. 2012) (collecting sanctions cases), vacated in part on reargument, 2013 WL 5459913 (D. Del. Sep. 30, 2013); see also In re Natural Gas Royalties Qui Tam Litig., 845 F.3d 1010, 1024 (10th Cir. 2017); In re Grynberg, 223 F. Supp. 3d 197, 202 (S.D.N.Y. 2017) (criticizing litigation tactics). They have already sought documents regarding the same set of transactions underlying the Israeli Proceeding from companies related to Tshuva in a § 1782 application brought in the Southern District of Texas. See In re RSM Prod. Corp., 195 F. Supp. 3d 899 (S.D. Tex. 2016). As counsel for applicants has admitted, Tshuva's companies, such as those involved in the Southern District of Texas proceeding, as opposed to Tshuva personally, would be the ones likely to be involved in any of the alleged wrongdoing. These same companies would therefore almost

8

certainly be in possession, custody, or control of any relevant documents. Production of documents was made in that case, and although the applicants are apparently dissatisfied with that production, that is not a basis to file a new proceeding in another court against a related party. This proceeding appears to be duplicative, vexatious, and brought in bad faith.

The application would also likely be denied as an end-run around Israeli discovery procedures. Tshuva is an Israeli resident, and is subject to the jurisdiction of the Israeli courts. Intel counsels against permitting discovery of participants to a foreign proceeding, and although Tshuva is not a participant in the foreign proceeding, it would be a poor exercise of discretion in these circumstances to assist an Israeli court by providing discovery from an Israeli resident whose documents are within the Israeli court's jurisdiction. Cf. Intel, 542 U.S. at 264 (2004) (noting that nonparticipants to the foreign proceeding may be outside the foreign tribunal's jurisdictional reach, thus necessitating the use of § 1782). This would be an independent and strong basis on which to deny the application.

## **CONCLUSION**

The application to take discovery pursuant to 28 U.S.C. §

1782 is denied.  The Clerk of Court shall close this case.

Dated:    New York, New York
          March 9, 2018

_____
DENISE COTE
United States District Judge